Guardado-Figueroa v. Kuta, 14-2043. You may proceed. Good morning, Your Honors. Rose Lindsey on behalf of the This says, as you're all aware, is a probable cause for extradition case. And I wanted to just point out a couple probable cause principles that we're concerned that the courts below didn't keep in mind as much as they should in the analysis. First of all, it's a totality of the circumstances analysis. And when the Fernandez case specified that on habeas review or in front of the magistrate, probable cause needs to be considered in terms of whether there was any evidence to support a finding of probable cause. That has been clarified to mean any competent or any reliable evidence. And so before the magistrate and before the district court, we raised several issues of concern with respect to Mexico's evidence, suggesting that when we look at the circumstances surrounding the evidence, when we look at lack of corroboration, and when we look at inconsistencies among different witness statements or inconsistencies within two statements from the same witness, that all of these things are able to be examined and should be examined by the magistrate or the district court on four different instances in the order finding probable cause where the magistrate suggested that the petitioner was asking the court to engage in impermissible speculation or impermissible credibility determinations. And yet, these questions that we raised with respect to the evidence can and should be examined. We weren't saying this witness is lying and the court should so find. We were looking at kinds of factors that this court has consistently looked at in prior cases. For example, in Ain v. Wilkes, this court looked at statements of accomplices and looked at corroboration of those statements. The court looked at inconsistencies or consistencies with other evidence. The court looked at later alleged recantations of those statements. And in that case, there's a really nice analysis of this court going through and analyzing circumstances surrounding evidence and corroboration or a lack thereof. And this was a process that the court understood well and engaged in in a very detailed manner in Ain v. Wilkes. And unfortunately, that kind of analysis was brushed off in the lower courts with a statement, as I mentioned before, that, oh, you know, petitioner just wants us to engage in credibility determinations, which aren't appropriate here. But that wasn't at all what we were asking. For example, the courts below were deemed it speculation to consider the fact that Mexico's evidence, right there in the documents we received from Mexico, indicates that Mexico requested the provisional arrest of Mr. Guardado several months before any witnesses had come forward implicating him in the crime. And, um, the petitioner was simply asking the courts below to say, you know, look at the surrounding circumstances, look at the timing, ask yourselves, does this make sense that the court would have asked for the provisional arrest of the petitioner before any witnesses had come forward and said that he hired the hit on the victim and before an arrest warrant in Mexico had even issued? So the timeline there suggests that at least at some point when Mexico asked for the provisional arrest, it didn't have, according to its own evidence, it didn't have anything sufficient to link the petitioner to the crime. So that certainly should be something that could be viewed in the totality of the circumstances, looking at all, looking at the statements that were ultimately made and weighing it all as the court must do. And then, if we completely set that aside and we just look at these two witnesses who happened to admit in the, one admitted in his statement that he conferred with the other witness before they came forward, they then came forward one day apart and gave virtually identical statements, both pointing to the petitioner and saying that he had hired two unknown hit men in a parking lot and had hired these men to kill the victim because the victim was allegedly romantically involved with the petitioner's wife. And these statements were not at all corroborated by the other witnesses' statements. In fact, they were contradicted by other witness statements. And Santana, one of the witnesses, later, about five months later, made another statement where he identified a photograph of the petitioner. He said a few additional things that seemed inconsistent with what he said before. So again, all of these things we simply presented to the courts below, asked the court to engage in the analysis that this court did so nicely in Ane v. Wills. So the bottom line is, it seems to me that you're asking us to make different credibility determinations than the magistrate did. And, you know, to conclude that Santana and Rivera must have been lying this whole business about whether she was sleeping with the cousin. But, really, on habeas, that's not our function, is it? Because you're really wanting us to draw a lot of inferences and make credibility findings to rule in his favor. And we're limited in habeas review. Yeah. Exactly. Habeas review is essentially... I mean, I understand you're also saying, well, it could have been more thorough. Yes. I think that's... But the question is, was there enough? Yeah. Yeah. Ultimately, the concern here is that if the analysis that was engaged in essentially wrote off and set aside certain pieces of information as, oh, we can't even touch this, we can't consider it, did that infect the overall analysis and could it have, therefore, come out differently? So our concern is the process and the analysis where, you know, here's one example where the district court, excuse me, the magistrate said, we disagree with the petitioner that Karen's statements, the wife, renders the statements unreliable of the two witnesses. First, we reiterate that issues of credibility are beyond the scope of this proceeding. So that was a typical statement of the magistrate, but these were not actually questions of asking to find them truthful or not truthful, but to consider the circumstances surrounding the statements that would suggest whether they're sufficiently authentic to go forward and rely on them in a finding of probable cause. It's a fine line. When we talk about credibility versus reliability, it is a fine line. And the Jabin v. United States case that I mentioned in our brief, the Supreme Court indicates here in talking in the context of certain affidavits to be relied on or not, the Supreme Court said that the difference between merely disbelieving, in other words, finding someone not credible, versus requiring to indicate some basis for the allegations is a significant difference. So we were not saying judges, just magistrate and district court disbelieve the witnesses. We were saying require them to provide some basis for their allegations. And in Jabin, the court also mentioned that any reliance on factual allegations necessarily entails some degree of reliance on credibility. So again, it's a fine line, but at the end of the day, we can look at things like, were these statements against their penal interest? Was there sufficient corroboration of what they said? Were there consistencies or inconsistencies? And these were the kinds of things that we were trying to put before the court, and repeatedly the court below said, we're not going to speculate, and these are credibility determinations, we cannot go there. And so again, petitioner's concern is that, had the court said, wait a minute, I can consider these things, I just disagree with you, then we may not be here. But because it seems as though the court essentially wrote off important considerations in the totality of the circumstances, our concern is that the court simply didn't fully analyze the evidence and weigh it all together, as this court did in Ane v. Wilkes, and so we would ask that the lower court be reversed. All right, thank you. Thank you. Ms. Johnson? May it please the court, Lela Johnson on behalf of the United States and Sean Kunta. The magistrate court was correct in finding that there was probable cause to believe that the appellant committed the aggravated homicide for which he is charged in Mexico. The district court properly found that there was competent evidence that supported the magistrate's finding of probable cause. That evidence, provided by Mexico as part of the extradition package, included the two sworn statements of the employees of the appellant. Those statements were consistent with one another. They set forth the place where the conversation between the appellant and the would-be murderers occurred, the substance of that conversation, as well as when and where the murder was to occur and under what circumstances. Let me ask you this, what's his extradition status right now? Is he still here? Yes. Each of the witnesses also stated that the delay in their actually coming forth with their statement was based on the fact that the appellant had, in fact, threatened both of their lives individually. The evidence also included the sworn affidavits of two witnesses to the murder itself. One witness, the appellant's wife's brother, actually described one of the assailants, and that description matched the same description that was given by the two employees with regard to the person that the appellant, one of the people that the appellant met with when he was planning the murder. There was also a second witness, a female friend, who saw the victim fall and also saw that one of the assailants then shot the victim again while he was laying on the ground. The description by the male witness was consistent with that of the appellant's employees. The evidence further consisted of a statement by the appellant's wife that indicated that she was not romantically involved with the victim, and it also included a statement that the father identified the victim as well as the fact that the coroner identified the cause of death as being gunshot wounds. The appellant continues to repeat the same arguments made unsuccessfully below regarding the quantity and the strength of the evidence and the credibility of the witnesses offered in support of the extradition finding. The magistrate court addressed each of these arguments and found probable cause notwithstanding these arguments. And her main position seems to be the magistrate addressed it but not thorough enough. The district court's finding was that the magistrate did address it thoroughly and that to certain degrees what the appellant was requesting was a factual determination. A credibility finding with regard to the witnesses. And that was not allowed on the part of the magistrate court. And to review or to find differently by this court is very limited at this point. This court can only find that there was no evidence that supports the magistrate court's finding and that cannot be done. There was sufficient evidence. So the government asks that this court affirm the ruling of the lower court. All right. One minute. All right. Thank you. We'll take the case under advisement.